IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

                                                     ORDER

                                                     15-CR-21-WMC-1

     v.

IFEANYICHUKWU IKEGWUONU,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Ifeanyichukwu (Jack) Ikegwuonu's supervised release was held on November 18, 2021, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Zachary J. Corey appeared for the government. The defendant was present in person and by defense counsel Joseph Bugni. Also present was U.S. Probation Officer Jelani Brown.

FACTS

From the record and the parties' stipulation, I make the following findings of fact. The defendant was sentenced in the Western District of Wisconsin on June 19, 2015, following his conviction on five counts (Counts 1-5) of interference with commerce by threats or violence (aiding and abetting Hobbs Act robbery) in violation of 18 U.S.C. §§ 1951(a) and 2. These offenses are Class C felonies. In addition, he was convicted on a count (Count 7) of brandishing a firearm in furtherance of a crime of violence, a Class A felony. As to each of Counts 1-5, the defendant was sentenced to concurrent, 30-month terms of imprisonment. As to Count 7, he was sentenced to a mandatory 84-month term of imprisonment, to run consecutively to the terms

1

imposed in Counts 1-5. The aggregate term of imprisonment was to be followed by 2-year terms of supervised release per count, to run concurrently. Joint and several restitution in the amount of $1,643 was also imposed.

On February 24, 2021, the defendant's sentence was reduced to time served as of April 7, 2021, to be followed by 2 years of supervised release, under the provisions of 18 U.S.C. § 3582(c)(1)(A). At that time, he was released to the community to begin his supervision.

The defendant violated special condition No. 15 requiring him to participate in a location monitoring program for 90 days that included global positioning system (GPS) monitoring. On July 8, 2021, he represented to the supervising probation officer that he would be working until 3:00 a.m. on July 9, 10, and 11, 2021. Instead of working, the defendant went to the Hody Bar and Grill, a private residence, and the Plain Spoke Cocktail Company without the permission of the U.S. Probation Officer. In lieu of issuing a summons to address this violation behavior, the court held a judicial teleconference with the defendant on August 5, 2021. He agreed to participate in mentorship/volunteer opportunities in Dane County. A final decision regarding a formal judicial review was held in abeyance for 90 days to allow the defendant to identify an organization with mentorship/volunteer opportunities where he could serve the community.

The defendant violated Standard Condition No. 2 requiring him to report to the probation office as directed, answer inquiries by the probation officer, and follow the officer's instructions. On August 26 and again on October 15, 2021, he was instructed to find an organization which would allow him to participate in mentorship or volunteer opportunities in Dane County. As of the issuance of the summons on November 5, 2021, he had failed to comply with the Court's directive and supervising probation officer's instructions.

The defendant has failed to comply with the financial condition requiring that he make restitution payments of a minimum of $100 each month, beginning within 30 days of his release from imprisonment. He has made no restitution payment since his term of supervised release began in April 2021. Had he complied with the order, he would have paid $700 to date.

Finally, the defendant failed to report for mandatory drug testing on August 28, September 22 and 26, 2021, as instructed. The court will not make a judicial finding at this time that he refused to comply with drug testing as ordered, however, the defendant is placed on notice that a pattern of future failures to do so triggers mandatory revocation at 18 U.S.C. § 3583(g)(3).

## CONCLUSIONS

After hearing from the defendant today, I will take no further action at this time, but rather set this matter over for 90 days, during which time I am hopeful the defendant will demonstrate a renewed commitment to full compliance with all terms of his supervised release. Barring any further violations, this petition will be dismissed at that time. At the same time, the Probation Office is directed to notify the court promptly if further missteps by the defendant should necessitate a further haring on this petition.

Entered this 18th day of November. 2021.

BY THE COURT:

WILLIAM M. CONLEY
District Judge