IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

IFEANYICHUKWU IKEGWUONU,

    Defendant.

ORDER

15-CR-21-WMC-1

---

A hearing on the probation office's petition for judicial review of Ifeanyichukwu (Jack) Ikegwuonu's supervised release was held on July 22, 2022, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Zachary J. Corey appeared for the government. Defendant was present in person and by defense counsel Joseph Bugni. Also present was U.S. Probation Officer Jelani Brown.

## FACTS

From the record and the parties' stipulation, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on June 19, 2015, following his conviction on five counts (Counts 1-5) of interference with commerce by threats or violence (aiding and abetting Hobbs Act robbery) in violation of 18 U.S.C. §§ 1951(a) and 2. These offenses are Class C felonies. In addition, he was convicted on a count (Count 7) of brandishing a firearm in furtherance of a crime of violence, a Class A felony. As to each of Counts 1-5, defendant was sentenced to concurrent, 30-month terms of imprisonment. As to Count 7, he was sentenced to a mandatory 84-month term of imprisonment, to run consecutively to the terms imposed in Counts 1-5. The aggregate term of imprisonment was to be followed by 2-year terms of supervised release

per count, to run concurrently. Joint and several restitution in the amount of $1,643 was also imposed.

On February 24, 2021, defendant's sentence was reduced to time served as of April 7, 2021, to be followed by 2-years of supervised release, under the provisions of 18 U.S.C. § 3582(c)(1)(A) out of recognition of his need to grieve over the loss of his father and sister with his mother, who was herself undergoing cancer treatments. At that time, he was released to the community to begin his supervision with the expectation that his early release would induce gratitude and full compliance with all terms and conditions.

Instead, defendant violated Special Condition No. 14 requiring him to abstain from association with drug users and sellers and to participate in substance abuse treatment. Defendant also violated the requirement that he submit to drug testing beginning within 15 days of his release and 60 drug tests annually. Specifically, defendant failed to report for mandatory drug testing on October 6 and December 17, 2021. He also failed to report on March 17, and April 1 and 20, 2022. It is noted that a judicial finding of refusing to comply with drug testing as ordered would trigger mandatory revocation at 18 U.S.C. §3583(g)(3).

Defendant further failed to comply with the financial condition requiring that he make restitution payments of a minimum of $100 each month, beginning within 30 days of his release from imprisonment, although defendant did pay this restitution in full before this hearing.

## CONCLUSIONS

Defendant's criminal history score falls into Criminal History Category I. When coupled with a Grade C violation, the advisory guideline imprisonment range is 3 to 9 months.

Under 18 U.S.C. § 3583(e)(3), the statutory maximum term of imprisonment to which defendant can be sentenced upon revocation is 60 months, because his original conviction on Count 7 was a Class A felony. Title 18 U.S.C. § 3583(h) authorizes a term of supervised release to follow imprisonment, if supervised release is revoked. That term could be up to 60 months, less any term of imprisonment imposed upon revocation.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant in June 2015 and amended in February 2021 is CONTINUED until April 6, 2023, the current expiration date of his supervised release period.

Defendant is to comply with the mandatory and special conditions of supervised release previously imposed.

If defendant continues to miss mandatory drug tests or has any other non-compliance with conditions of supervised release, the probation office shall notify the court and request a hearing.

Entered this 22nd day of July 2022.

BY THE COURT:

WILLIAM M. CONLEY
District Judge